IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| **SEBASTIEN TORTELLI and STEPHANIE TORTELLI,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**EQUITRUST LIFE INSURANCE COMPANY**<br><br>**Defendant.** | **CASE NO. 4:23-CV-00042-SMR-SBJ**<br><br>**BRIEF IN SUPPORT OF MOTION TO REMAND**<br><br>*****Oral Argument Requested***** |

**COMES NOW**, Plaintiffs, Sebastien Tortelli and Stephanie Tortelli, by and through the undersigned counsel and hereby states as follows:

## I. INTRODUCTION

On November 3, 2022, Plaintiffs filed this matter in the Iowa District Court in and for Dallas County. This case involves annuity purchases made by Stephanie and Sebastien Tortelli (hereinafter the "Tortellis") from the Defendant Equitrust Life Insurance Company (hereinafter "Equitrust"). The annuity accounts owned by the Tortellis and held by Equitrust were fraudulently depleted by an individual by the name of Steven Gordon.

Equitrust was incorporated under the laws of Iowa on June 3, 1966. According to an affidavit submitted by Equitrust's Chief Legal Officer and Corporate Secreatary, Equitrust attempted to reincorporate under the laws of Arizona on April 20, 2022 through a process called "Domestication." However, Equitrust did not file

any of the necessary paperwork with the State of Iowa to effectuate the domestication and Equitrust remains an Iowa corporation in good standing. As such, Equitrust is prohibited from removing this matter under the forum-defendant rule.

## II. ARGUMENT

> Congress has granted defendants sued in state court the right to remove the suit to federal district court if the civil action is one "of which the district courts…have original jurisdiction." 28 U.S.C. § 1441(a). When the action is "removable solely on the basis of the jurisdiction under [§] 1332(a)," however, the forum-defendant rule provides that the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* § 1441(b)(2). When an action is removed improperly, the plaintiff may move to have it remanded to state court. *See id.* § 1447(c). If the motion to remand is based on any removal "defect other than lack of subject matter jurisdiction," that motion "must be made within 30 days after the filing of the notice of removal." *Id.* Otherwise, objections to removal based on such defects are waived. 14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3739.2 (Rev. 4th ed. 2020). But if the removal defect leaves the district court without subject-matter jurisdiction, that defect cannot be waived and can be raised at any time, even on appeal. *See* 28 U.S.C. § 1447(c); *United States v. Afremov*, 611 F.3d 970, 975 (8th Cir. 2010).

*Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020).

In determining whether federal jurisdiction exists, the burden lies with the defendant to establish jurisdiction by a preponderance of the evidence. *Altimore v. Mount Mercy College*, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010).

There is no dispute regarding the citizenship of the Tortellis. Both Stephanie and Sebastien are no longer living within the United States and have established citizenship outside of the United States. However, the central issue to this case is the citizenship of Equitrust, a corporation.

28 U.S.C. § 1332(c)(1) states:

> a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business…

It is not disputed that Equitrust's principal place of business is Chicago, Illinois. Instead, the dispute in this case lies in where Equitrust is incorporated.

Attached to this filing is a Certificate of Existence issued and certified by the Iowa Secretary of State establishing Equitrust Life Insurance Company "is in existence and duly incorporated under the laws of Iowa." (See Exhibit 1 – Certificate of Existence). This Certificate of Existence states that Equitrust was incorporated in Iowa on June 3, 1966. *Id.* It also states that all fees and reports have been filed. *Id.* Importantly, it also states that no articles of dissolution have been filed. *Id.* As such, Equitrust was at the time of filing and currently remains a corporation incorporated under the laws of Iowa. Pursuant to 28 U.S.C. § 1332(c)(1), Equitrust is then a citizen of the State of Iowa. Finally, because Equitrust is a citizen of the State of Iowa, it is prohibited from removing this matter to this Court due to the forum-defendant rule of 28 U.S.C. § 1441(b)(2).

Despite these undisputable facts, Equitrust removed this matter to this Court. According to Equitrust's Chief Legal Officer's (Paul Miller) affidavit, Equitrust "was formed as an Arizona general corporation" on April 20, 2022.[1] It appears to be correct that Equitrust filed Articles of Incorporation under Arizona laws on April 20, 2022. (See Exhibit 2 - Arizona Articles of Incorporation). It also appears that Equitrust filed a "Statement of Domestication" on April 20, 2022 in Arizona. (See Exhibit 3 – Statement of Domestication). In the "Statement of Domestication", Mr. Miller supplied erroneous information to the Arizona Secretary of State. First, Mr. Miller stated that the Domesticating Entity Jurisdiction of Organization was Illinois. *Id.* This is not true, Iowa was and has always has been the incorporated state of Equitrust. *Id.* A fact Mr. Miller knew under a month before he filed the "Statement of Domestication" because he submitted the Biennial Report for Equitrust with the Iowa Secretary of State on March 30, 2022. (See Exhibit 4 – Equitrust Iowa Biennial Report). Additionally, Mr. Miller put the correct date of the Iowa incorporation (June 3, 1966) on the "Statement of Domestication." (See Exhibit 3 – Statement of Domestication). Mr. Miller's second error on the Arizona Statement of Domestication is when he certified in paragraph four (4) that "the plan of domestication was approved…in accordance with the laws of its jurisdiction of organization." *Id.* Beginning on January 1, 2022, Iowa began to allow the domestication process for corporations to occur. Iowa Code § 490.920. This process allows foreign corporations to domesticate within Iowa and also allows domestic corporations to domesticate into foreign jurisdictions. *Id.* To effectuate this process

under Iowa law, a corporation must follow the statutory framework outlined within Iowa Code §§ 490.920-490.924. Relevant to this case, in order to domesticate into a foreign jurisdiction, a domesticating corporation (such as Equitrust), must sign articles of domestication. Iowa Code § 490.922(1). The articles of domestication must include:

> (a) the name of the domesticating corporation and its jurisdiction of formation.
>
> (b) the name and jurisdiction of formation of the domesticated corporation.
>
> (c) If the domesticating corporation is a domestic corporation, a statement that the plan of domestication was approved in accordance with this subchapter or, if the domesticating corporation is a foreign corporation, a statement that the domestication was approved in accordance with its organic law.

*Id.* When the articles of domestication are completed, they "shall be delivered to the secretary of state for filing, and shall take effect at the effective date determined in accordance with section 490.123." Iowa Code § 490.922(3). Iowa Code § 490.123 states that the effective date is the date of the filing, or some other later date if specified in the document. Once the articles of domestication become effective, the corporation is now domesticated in its new jurisdiction. Iowa Code § 920.924.

---

[1] In his affidavit, he cites a "Statement of Domestication and Articles of Incorporation of Equitrust" but no such documents were attached. These documents have been located from the Arizona Secretary of State and are included with this filing.

In this case, it is unknown to the Tortellis whether Equitrust complied with plans of domestication outlined within Iowa Code § 490.921. However, what is known is that Equitrust, if it was intending to domesticate into Arizona, was required to file articles of domestication pursuant to Iowa Code § 490.922(1)-(3) with the Iowa Secretary of State. That did not occur and any attempt to domesticate was not effective without that filing.. *See* Iowa Code § 490.922 and Iowa Code § 490.924. Accordingly, as indicated in the issued Certificate of Existence, Equitrust remains incorporated under the laws of Iowa. (Exhibit 1 – Certificate of Existence). Thus, Equitrust is a forum-defendant under 28 U.S.C. § 1441(b)(2) and this Court should remand this matter back to the Iowa District Court in and for Dallas County.

## III. CONCLUSION

Equitrust is a corporation incorporated under the laws of Iowa. Because it remains incorporated under the laws of Iowa, for the purposes of determining citizenship under 28 U.S.C. § 1332(c)(1) it is a citizen of the state of Iowa. As a citizen of the state of Iowa, Equitrust's removal to this Court is in violation of the forum-defendant rule of 28 U.S.C. § 1441(b)(2) and this Court should remand this matter to the Iowa District Court in and for Dallas County.

Respectfully Submitted,



Matthew G. Sease # AT0010484
Sease & Wadding
104 SW 4th St. Suite A
Des Moines, IA 50309
msease@seasewadding.com
Ph: (515) 883-2222
Fax: (515) 883-2233
ATTORNEY FOR PLAINTIFF

Original E-Filed

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which sent notification of said filing to all CM/ECF participants.

/s/ *Matthew G. Sease*___________